```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION

UNITED STATES OF AMERICA       §
                               §
VS.                            §    CRIMINAL NO.4:95-CR-148-P
                               §
TOMMY M. JACKSON               §
```

<u>FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE</u>

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

<u>FINDINGS AND CONCLUSIONS</u>:

A. NATURE OF THE CASE

Defendant Tommy M. Jackson has filed a "Motion for Disclosure of Matters Occurring Before the Grand Jury."

B. PARTIES

Defendant Jackson proceeds pro se. As he has filed a motion relating to his conviction in this Court, the United States of America is the proper government party.

C. PROCEDURAL HISTORY

Tommy M. Jackson, BOP No. 27477-077, now seeks to obtain information related to the grand jury proceedings in this matter under authority of Federal Rules of Criminal Procedure 6(c) and 6(e)(3)(E)(iii). Jackson was convicted of conspiracy to possess with

intent to distribute methamphetamine and sentenced to life imprisonment in a judgment entered in 1996. That judgment and sentence was affirmed in an opinion and judgment of the United States Court of Appeals for the Fifth Circuit entered in May 1997.[1] Jackson's motion seeking relief under 28 U.S.C. § 2255 was denied in an order and judgment entered in May 1999.[2] Jackson' request for a certificate of appealability was denied by the court of appeals in November 1999.[3]

D. LEGAL ANALYSIS

In consideration of Jackson's motion, the undersigned has also reviewed the government's response to the motion, and Jackson's reply, which was entitled a "rebuttal" to the government's response. The government does not challenge and did not address whether Jackson is entitled to file a motion seeking grand jury records under Federal Rule of Criminal Procedure Rule 6(e)(3)(E)(ii) subsequent to the disposition of a motion under 28 U.S.C. § 2255, and thus, that issue is not reached.[4]

---

[1] Court of Appeals number 96-10598.

[2] Assigned civil case number 4:98-CV-346-P.

[3] Court of Appeals number 99-10398.

[4] Although research reveals no analysis of the issue in the Fifth Circuit, the Court of Appeals for the Seventh Circuit, in *United States v. Scott,* 414 F.3d 815, 816 (7th Cir. 2005), considered if the Supreme Court's analysis in *Gonzalez v. Crosby,* 125 S.Ct. 2641 (2005) of when a post-judgment motion under Federal Rule of Civil Procedure 60(b) should be subject to the circuit-court-approval requirements applicable to successive collateral motions under 28 U.S.C. § 2244(b), also applies to other post-conviction motions: "[t]he reasoning of *Gonzalez* does not depend on which rule the prisoner invokes; its approach is as applicable to post-judgment motions under

Jackson claims that the indictment returned by the grand jury is not the same as that under which he was convicted, in that the indictment did not include the statutory reference to 21 U.S.C. § 846. The November 1, 1995 indictment did not include reference to this provision, but it did include all of the statutory language required to make out a charge of conspiracy. On November 22, 1995, the Court allowed the government to amend the indictment by adding the citation to 21 U.S.C. § 846. Because the indictment itself apprised Jackson of the charges against him, and the amendment added only the statutory citation, there was no need to return the

---

Fed. R. Crim. P. 6(e) as it is to motions under Rule 60(b)." *Scott,* 414 F.3d at 816. After reviewing the *Gonzalez* opinion's focus on whether the inmate actually makes a "claim" within the scope of § 2244(b), the Seventh Circuit explained:

> This means that, if [inmate] Scott had sought the grand-jury materials out of academic interest, he would not have made a "claim" within the scope of § 2244(b), and his motion would not have been a second collateral attack. Indeed, if he had sought the materials hoping that they would furnish the basis for a request to this court under § 2255 ¶ 8, then the motion in the district court would not (yet) be a second collateral attack. (This is parallel to the holding of *Gonzalez* that an effort to clear away the statute of limitations, so that a substantive challenge to the conviction could be launched, is not a "claim" under § 2244(b).) But Scott did not stop with a request for documents. He told the district judge, point blank, that he "is challenging the legality, constitutionality and authenticity of the instant indictment." That is a "claim" for collateral relief under *Gonzalez* and initiated a second collateral attack.

*Scott,* 414 F.3d 815, 816-17. In this case, Tommy Jackson has not explicitly stated that he is seeking the grand jury information to challenge his conviction, even though it is evident that he hopes any such information would form the basis for a later motion to file a successive collateral challenge. Consistent with the persuasive authority from *Scott,* to the extent applicable, it appears Jackson's motion under Rule 6(e) is not presently a second collateral attack.

3

indictment to the grand jury.[5] As such, Jackson's request for disclosure of grand jury information on this basis must be denied.

Jackson also contends that the signature of the grand jury foreman on the indictment is forged. Without debating the merits of this allegation, the government points out that even if it were true, it would not authorize any release of grand jury information. This is because under the federal rules of criminal procedure, the grand jury foreman performs strictly a clerical task, and that person's signature is a mere formality.[6] Federal Rule of Criminal Procedure 7 requires only the signature of the attorney for the government.[7] Jackson's challenge to the validity of the grand jury foreman's signature does not warrant release of grand jury materials to him.

---

[5] *See* FED R. CRIM. P. 7(e), 7(c)(3); *see generally United States v. Young Bros., Inc.,* 728 F.2d 682, 693 (5th Cir. 1984)

> ("The form of an indictment may be amended without return to the grand jury as long as its substance remains the same . . . An amendment will be allowed if a defendant's rights are not affected and he is adequately apprised of the charges against him so that he is protected against surprise at trial or another prosecution for the same offense")(citations omitted), *cert. den'd,* 469 U.S. 881 (1984).

[6] *See Hobby v. United States,* 468 U.S. 339, 349 (1984)(contrasting the clerical tasks of the foreperson in a federal grand jury from the administrative and investigative tasks conferred upon a grand jury foreperson under Tennessee sate law. )

[7] *See* FED R. CRIM. P. 7(c)(1).

4

RECOMMENDATION

It is therefore RECOMMENDED that defendant Tommy Jackson's August 1, 2006, motion for disclosure of matters occurring before the grand jury [docket number 516] be DENIED.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until February 20, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific written objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed

factual finding and legal conclusion if it has been accepted by the United States District Judge.[8]

ORDER

Under 28 U.S.C. § 636, it is ORDERED that defendant Tommy M. Jackson is granted until February 20, 2007 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and is hereby, returned to the docket of the United States District Judge.

SIGNED January 30, 2007.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

---

[8] *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc); *Carter v. Collins*, 918 F. 2d 1198, 1203 (5th Cir. 1990).

6